CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
MAY 1 8 2006
JOHN F. CORCORAN, CLERK
BY: HMcDonald
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| MARTIR A. SOLISLARA, ) | |
| Plaintiff, ) | Civil Action No. 7:06-cv-00281 |
| ) | |
| v. ) | MEMORANDUM OPINION |
| ) | |
| GENE JOHNSON, et al., ) | By: Hon. Jackson L. Kiser |
| Defendants. ) | Senior United States District Judge |

Plaintiff Martir A. Solislara, a Virginia inmate proceeding pro se, brings this action pursuant to 42 U.S.C. § 1983, with jurisdiction vested under 28 U.S.C. § 1343. Solislara alleges that the defendants have denied him due process and subjected him to cruel and unusual punishment by moving him to a segregation unit for two weeks during an institutional investigation, which caused him to lose his job and his previous assignment to a non-smoking unit. As relief, Solislara seeks to have his job reinstated and to be assigned to a non-smoking housing unit. Upon review of the record, I conclude that the plaintiff has not stated a claim upon which relief can be granted and, therefore, dismiss the complaint without prejudice, pursuant to 28 U.S.C. § 1915A(b)(1).

I.

Solislara claims that on February 26, 2006, without cause, he was removed from the general population and placed into a segregation unit pending the outcome of an institutional investigation. Plaintiff remained in the segregation unit for two weeks, but was never charged with an institutional infraction. After his release to the general population, he was assigned to a cell in a smoking unit, with a cell mate who also smokes. Solislara states that due to exposure to environmental tobacco smoke ("ETS") he is suffering from headaches. Solislara also complains that due to his temporary placement in the segregation unit, he lost his institutional job as a

"houseman."

## II.

A petition may be dismissed under 28 U.S.C. § 1915A(b)(1) if it is clear from the petition that the plaintiff is not entitled to relief. To state a cause of action under § 1983, a plaintiff must establish that he was deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. See West v. Atkins, 487 U.S. 42 (1988).

### A. Segregation

The Eighth Amendment protects prisoners from cruel and unusual living conditions. Rhodes v. Chapman, 452 U.S. 337 (1981). On the other hand, an inmate is not entitled to relief simply because of exposure to uncomfortable, restrictive, or inconvenient conditions of confinement, for, "[t]o the extent that such conditions are restrictive or even harsh, they are part of the penalty that criminal offenders pay for their offenses against society." Id. at 347. As a result, in order to state a claim of constitutional significance regarding prison conditions, a plaintiff must demonstrate that the living conditions violated contemporary standards of decency and that prison officials were deliberately indifferent to those conditions. Wilson v. Seiter, 501 U.S. 294 (1991). Additionally, the plaintiff must allege facts sufficient to show either that he has sustained a serious or significant mental or physical injury as a result of the challenged conditions or that the conditions have created an unreasonable risk of serious damage to his future health. Strickler v. Waters, 989 F.2d 1375, 1380-1381 (4th Cir. 1993); Helling v. McKinney, 509 U.S. 25 (1993). While isolation and segregation conditions, may be inconvenient and unfortunate, Solislara has not alleged anything to suggest that these conditions

2

violate contemporary standards of decency. Nor has plaintiff demonstrated that because of the conditions he has sustained a serious or significant injury or is at risk of a future injury. Therefore, he has failed to state a constitutional claim under the Eighth Amendment.

Furthermore, although the Fourteenth Amendment does afford prisoners some due process rights, when a defendant is lawfully convicted and confined to jail, he loses a significant interest in his liberty for the period of the sentence. Gaston v. Taylor, 946 F.2d 340, 343 (4th Cir. 1991). Changes "in a prisoners's location, variations of daily routing, changes in conditions of confinement (including administrative segregation), and the denial of privileges [are] matters which every prisoner can anticipate [and which] are contemplated by his original sentence to prison." Id. Furthermore, such changes are necessarily functions of prison management that must be left to the broad discretion of prison administrators to enable them to manage prisons safely and effectively. Id. Accordingly, as prisoners do not have a constitutionally protected right not to be temporarily placed into a segregation unit, Solislara has failed to state a claim of constitutional magnitude regarding his two week imprisonment in a segregation unit. Sandin v. Conner, 515 U.S. 472, 484 (1995); see also, Meachum v. Fano, 427 U.S. 215, 223-24 (1976).

### B. Cell Assignment

Solislara further alleges that because he is a non-smoker, his current assignment to a smoking pod with a cell mate who smokes, amounts to a cruel and unusual living condition. In order to state a claim of constitutional significance regarding prison conditions related to ETS, a plaintiff must demonstrate that due to the exposure he has sustained a serious or significant mental or physical injury and that prison officials were deliberately indifferent to such health threats. Wilson v. Seiter, 501 U.S. 294 (1991); Strickler v. Waters, 989 F.2d 1375, 1380-1381

3

(4th Cir. 1993). Furthermore, to prove an Eighth Amendment violation based on a serious risk of future harm related to exposure to ETS, a plaintiff must show that he was exposed to unreasonably high levels of ETS, that modern society will not tolerate any exposure to this risk, and that prison officials were deliberately indifferent to this risk. Helling, 509 U.S. at 35-36.

Although limited exposure to ETS may be uncomfortable, Solislara has not demonstrated that, because of those conditions, he has sustained a serious or significant injury, rather, he complains only having some headaches as a result of ETS. See Henderson v. Sheahan, 196 F.3d 839, 846 (7th Cir.1999) (holding that the plaintiff failed to allege injuries that were "sufficiently serious to be constitutionally actionable," where the plaintiff stated that his exposure to ETS resulted in breathing problems, chest pains, dizziness, sinus problems, headaches, and a loss of energy).

Furthermore, Solislara has failed to allege facts which suggest that he is at risk of future harm related to his limited exposure to ETS. In Helling, the court found that a prisoner who had previously been celled with a "five-pack-a-day" smoker, was not subject to a serious risk of future harm related to any exposure to high levels of ETS while housed in that cell because his exposure was not prolonged. Id. at 36. Solislara admits that he has been housed in the smoking unit for less than two months. Further, although Solislara complains that his cell mate smokes, he does not allege his cell mate smokes more than five packs a day nor that he has he been exposed to similarly extreme level of ETS while housed in the smoking unit. Accordingly, I find that Solislara cannot establish that he is at future risk of harm due to the limited amounts of ETS to which he has been exposed. See id.

4

### C. Institutional Employment

Solislara also claims that due to his unwarranted placement into the segregation unit he lost his institutional job as a "houseman." Inmates have no constitutional right to employment or to assignment to a particular job while incarcerated. See Sandin, 515 U.S. at 484; Newsom v.Norris, 888 F.2d 371, 374 (6th Cir.1989). Accordingly, plaintiff's claims related to his lost employment fail to state a claim of constitutional magnitude.

### III.

Based on the foregoing, I find that Solislara has not presented any claims that constitute a violation of his constitutional rights. Therefore, I dismiss the complaint without prejudice pursuant to 28 U.S.C. § 1915A(b)(1).

The plaintiff is advised that he may appeal this decision pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure by filing a notice of appeal with this court within 30 days of the date of entry of this Order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk is directed to send certified copies of this Memorandum Opinion and accompanying Order to plaintiff and to counsel of record for the defendants, if known.

ENTER: This 18th day of May, 2006.

*[signature]*
Senior United States District Judge